**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY**

Scott Dodson and Angeline Dodson,
    husband and wife,
Robert Davis and Cathy Davis,
    husband and wife; and
Raymond Neff and Carrie Neff,
    husband and wife

        Plaintiffs;                  **CASE NO.**:

        v.

Westervelt Ecological Services, LLC,        **CLASS REPRESENTATION**
Munroe Forest & Wildlife Management, Inc.

        Defendants.
_____/

# CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiffs, Scott Dodson and Angeline Dodson, husband and wife, Robert Davis and Cathy Davis, husband and wife; and Raymond Neff and Carrie Neff, husband and wife; (hereinafter collectively referred to as "Plaintiffs"), by and through the undersigned counsel, who bring this action on behalf of themselves and all others similarly situated, bring this class action suit against Defendant, Westervelt Ecological Services, LLC (hereinafter referred to as "Westervelt") and Defendant Munroe Forest & Wildlife Management, Inc. (hereinafter referred to as "Munroe Forest"), and allege:

## JURISDICTION AND VENUE

1.      This is an action for damages within the jurisdictional limits of this Court, exclusive of fees and costs, pursuant to Fla. Stat. §26.012.

2.      Venue is proper in this Court in that all material actions taken, and events recited herein, occurred in Santa Rosa County, Florida.

3.     The Court has personal jurisdiction over the Defendants pursuant to Fla. Stat. §48.193 in that both Defendants conduct business in the state of Florida.

4.     To the best of their knowledge, Plaintiffs have fulfilled any and all conditions precedent to the institution of this action.

## PARTIES

5.     At all times material and relevant herein, the Plaintiffs to this action are:

   a.   Scott Dodson and Angeline Dodson (collectively referred to as "Plaintiffs1"), were residents of Santa Rosa County, Florida, and lived and owned the property located at 2412 Bon Bay Court, Milton, Florida 32583.

   b.   Robert Davis and Cathy Davis (collectively referred to as "Plaintiffs2"), were residents of Santa Rosa County, Florida, and lived and owned the property located at 2721 Ladda Court, Milton, Florida 32583.

   c.   Raymond Neff and Carrie Neff (collectively referred to as "Plaitniffs3"), were residents of Santa Rosa County, Florida, and lived and owned the property located at 2684 Ladda Court, Milton, Florida 32583.

6.     Defendant Westervelt Ecological Services, LLC, is a foreign for-profit corporation which owned, operated and controlled approximately 589 acres of timber land in Santa Rosa County Florida, located at 30°33'31.9"N 87°04'24.7"W (Hereinafter the "Property").

UNOFFICIAL DOCUMENT

2

7.      Defendant Munroe Forest & Wildlife Management, Inc. is a Florida Profit Corporation with its principal address of 711 Sinclair St., Chipley, Florida 32428.

## FACTUAL ALLEGATIONS

8.      On May 4, 2020, Defendant Westervelt attempted to remove brush on a predetermined area on their Property by using fire otherwise known as a prescribed burn.

9.      Defendant Westervelt hired Defendant Munroe Forest to burn 243 acres on Defendant Westervelt's Property.

10.     At the time the controlled fire was initiated:

a.  The Property and the surrounding land around the Property had received less rainfall than average.

b.  The weather forecast called for high winds and low humidity.

c.  The Santa Rosa County area was experiencing abnormally dry to moderate drought conditions.

11.     The control burn was executed using insufficient firefighting equipment:

a.  The equipment used was inadequate in that it broke down and became inoperable;

b.  The equipment used was not properly suited for the specific conditions present at the Property in that the equipment become stuck in the terrain;

12.     The type and quality of the equipment selected to be used during the controlled burn failed preventing the ability to control the fire.

13.    Appropriate measures to guard against the spread of fire beyond the predetermined area for the conditions present at the Property on May 4, 2020 in that the fire break was less than 50 feet.

14.    The fire had escaped for nearly one hour before the Florida Forest Service or other firefighting units were alerted.

15.    The fire spread beyond the predetermined area and became out of control. The fire grew nearly ten times its intended size and became widely known as the Five Mile Swamp Fire.

16.    The fire continued to spread through Santa Rosa County damaging homes, structures, agriculture and timber, and personal property.

17.    All of the Plaintiffs' homes were severely damaged by the Five Mile Swamp Fire.

18.    In addition to property damage, each of the Plaintiffs suffered consequential damages including additional living expenses or business interruption.

## CLASS REPRESENTATION ALLEGATIONS

19.    Pursuant to Florida Rule of Civil Procedure 1.22, Plaintiffs seek certification of the following class:

a.    All Persons who, as of May 4, 2020, owned real or personal property that was damaged by the Five Mile Swamp Fire (the "Class").

b.    Excluded from the Class are the Defendant, its parent, subsidiaries affiliates, officers and directors; any Judge to who this action is

UNOFFICIAL DOCUMENT

assigned; and any member of such Judge's staff or immediate family.

20.    The Class is sufficiently numerous that joinder of all affected persons would be impracticable. The approximate number of class members consist of 14 residential property owners and an unknown number of property owners with agricultural or timber losses covering nearly 200 acres.

21.    Given the significant expense required to prosecute the claims against Defendants, the costs of individual actions may exceed or consume the amount recovered in an individual action. The expense of pursuing individual actions will economically discourage individual members of the Class from bringing their individual claims against Defendant if they are not permitted to pursue those claims as a Class.

22.    A class action is a superior method of adjudicating the Class members' claims because individual actions would unnecessarily burden the Court and may create the risk of inconsistent results.

23.    This action is manageable because the evidence proving that Defendants are responsible for the damage to real and personal property is common to the Class.

24.    There are numerous questions of law and fact common to the Class. Those questions include, but are not limited to:

a)    The basis for conducting a prescribed burn.

b)    Whether the prescribed burn was adequately planned and executed.

c)    Whether there was sufficient, in training and numbers, personnel present when the fire escaped.

5

d)    Whether there was sufficient, in quantity and quality, firefighting equipment present when the fire escaped.

e)    The action taken by Defendant Westervelt in selecting Defendant Munroe Fire.

f)    The actions taken by Defendant Westervelt in preventing the escape of the fire and responding to the fire.

g)    The actions taken by Defendant Munroe Fire in preventing the escape of the fire and responding to the fire.

h)    The legal duties of the Defendants owed to the Plaintiffs and the Class.

i)    Whether the Defendant breached its duties.

j)    Whether the Defendant Westervelt was grossly negligent and if its gross negligence was the legal cause of Plaintiffs' damages and the damages sustained by the Class.

k)    Whether the Defendant Munroe Fire was grossly negligent and if its gross negligence was the legal cause of Plaintiffs' damages and the damages sustained by the Class.

l)    Whether the Defendants may assert certain affirmative defenses applicable to all Plaintiffs and the Class

25.    Plaintiffs' claims are typical of the Class's claims. Plaintiffs have no interests that are antagonistic or adverse to the Class.

26.    Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are adequate representatives of the Class and have retained counsel who are

UNOFFICIAL DOCUMENT

6

experienced in class actions and complex litigation. Accordingly, Plaintiffs will fairly and adequately protect and represent the interests of the Class.

27.    Plaintiffs seek certification of a class under Fla. R. Civ. P. 1.220(b)(1) or (b)(3), or a combination thereof.

## COUNT I – GROSS NEGLIGENCE
### Munroe Forest & Wildlife Management, Inc

28.    The allegations in paragraph (1) through (27) are incorporated by refence in this count as if they were fully set forth herein.

29.    Defendant Munroe Forest & Wildlife Management, Inc has a non-delegable duty to use reasonable care when engaging in ultrahazardous activities such as controlled burns.

30.    Engaging in controlled burns is an inherently dangerous activity.

31.    Because controlled burns are an inherently dangerous activity, Defendant Munroe Forest & Wildlife Management, Inc, is liable for all of Munroe Forest & Wildlife Management, Inc.'s agents, independent contractors or subcontractor's gross negligence.

32.    Defendant Munroe Forest & Wildlife Management, Inc breached its duty of care owed to Plaintiffs and the Class Members.

33.    Defendant Munroe Forest & Wildlife Management, Inc actions, conduct or omissions were so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct.

34.    As a direct and proximate result of Munroe Forest & Wildlife Management, Inc.'s gross negligence, Plaintiffs and Class Members suffered damages.

7

**WHEREFORE**, Plaintiffs, on their own behalf and on the behalf of the Class Members, request a jury trial, and  judgment against Defendant Munroe Forest & Wildlife Management, Inc for damages, together with costs of suit, and such other and further relief as the court may deem proper.

## COUNT II – GROSS NEGLIGENCE
### Westervelt Ecological Services, LLC

35.     The allegations in paragraph (1) through (34) are incorporated by refence in this count as if they were fully set forth herein.

36.     Defendant Westervelt Ecological Services, LLC has a non-delegable duty to use reasonable care when engaging in ultrahazardous activities on its Property including controlled burns.

37.     Engaging in controlled burns is an inherently dangerous activity.

38.     Because controlled burns are an inherently dangerous activity, Defendant Westervelt Ecological Services, LLC, as the employer of Munroe Forest & Wildlife Management, Inc, is liable for Munroe Forest & Wildlife Management, Inc.'s gross negligence.

39.     Defendant Westervelt Ecological Services, LLC breached its duty of care owed to Plaintiffs and the Class Members.

40.     Defendant Westervelt Ecological Services, LLC actions, conduct or omissions were so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety or rights of persons exposed to such conduct.

41.     As a direct and proximate result of Defendant Westervelt Ecological Services, LLC's gross negligence, Plaintiffs and Class Members suffered damages.

**WHEREFORE**, Plaintiffs, on their own behalf and on the behalf of the Class

Members, request a jury trial, and judgment against Defendant Westervelt Ecological

Services, LLC for damages, together with costs of suit, and such other and further relief

as the court may deem proper.

s/ Keith W. Weidner
J. Phillip Warren
Florida Bar No.: 0662143
Keith W. Weidner
Florida Bar No.: 0655651
Brian D. Hancock
Florida Bar No.:  0107341
TAYLOR, WARREN, WEIDNER & HANCOCK, P.A.
1700 W. Main St., Ste. 100
Pensacola, FL 32502
T: 850-438-4899
F: 850-438-4044
Attorneys for Plaintiffs
Primary email: pwarren@twwlawfirm.com
Primary email: kweidner@twwlawfirm.com
Primary email: bhancock@twwlawfirm.com
   Secondary email: josier@twwlawfirm.com

UNOFFICIAL DOCUMENT

9